Joan **DOURNEY**, Respondent,

v.

**CMAK CORP.**, Relator,

**Department of Employment and Economic Development,** Respondent.

No. A10–1003.

Court of Appeals of Minnesota.

April 5, 2011.

Joan Dourney, Shoreview, MN, pro se respondent.

Deno Walter Berndt, Berndt Law Offices, PLLC, Minneapolis, MN, for relator.

Lee B. Nelson, Amy R. Lawler, Kathryn Short (certified student attorney), Department of Employment and Economic Development, St. Paul, MN, for department.

Considered and decided by PETERSON, Presiding Judge; TOUSSAINT, Judge; and HUDSON, Judge.

## OPINION

PETERSON, Judge.

Relator employer challenges the decision by an unemployment-law judge (ULJ) that its former employee, who was discharged for a single instance of failing to request identification from a customer who ordered an alcoholic drink, did not commit employment misconduct within the meaning of Minn.Stat. § 268.095, subd. 6. We affirm.

## FACTS

Since 1999, relator CMAK Corp. employed respondent Joan Dourney as a waitress in a restaurant that served alcohol. During lunchtime in January 2010, a young man and a young woman came into the restaurant and sat down together. The young man was a former employee of the restaurant, and Dourney knew that he was older than 21. Dourney testified that the woman looked like she was 23 or 24 years old. Both customers ordered food and alcoholic drinks from Dourney.

Dourney had the drinks made and brought them to the table. After Dourney served the drinks, the restaurant's owner asked Dourney if she had carded the customers. Dourney apologized and said that she had not. Dourney immediately returned to the table and carded both people. The woman said that she did not

have identification with her, so Dourney took away her drink. The owner then told Dourney to go home and later called Dourney and discharged her for failing to card the young woman.

Dourney filed a claim for unemployment benefits with respondent Minnesota Department of Employment and Economic Development (DEED). A department adjudicator determined that Dourney was discharged for employment misconduct and, therefore, ineligible for unemployment benefits. Dourney brought an administrative appeal to a ULJ, who conducted an evidentiary hearing by telephone.

At the hearing, Dourney testified that the restaurant had a new menu and that, when the customers were ordering, Dourney was trying to figure out exactly what they were ordering. Dourney testified that she always cards people and that she did not know why she did not do so that day. Dourney also testified that she had never previously been written up or reprimanded for serving underage customers or failing to request identification.

By findings of fact and decision issued March 11, 2010, the ULJ determined that Dourney was discharged for reasons other than employment misconduct and, therefore, is eligible to receive unemployment benefits. The employer requested reconsideration, and the ULJ affirmed the March 11, 2010 decision. This certiorari appeal followed.

## ISSUE

Was Dourney's failure to request identification from the customer employment misconduct within the meaning of Minn. Stat. § 268.095, subd. 6?

## ANALYSIS

■ This court reviews a ULJ's decision to determine whether substantial rights were prejudiced because the findings, inferences, conclusion, or decision are unsupported by substantial evidence in view of the record as a whole or affected by an error of law. Minn.Stat. § 268.105, subd. 7(d) (2008). Substantial evidence is "(1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) more than a scintilla of evidence; (3) more than some evidence; (4) more than any evidence; or (5) the evidence considered in its entirety." *Minn. Ctr. for Envtl. Advocacy v. Minn. Pollution Control Agency,* 644 N.W.2d 457, 466 (Minn.2002). This court views factual findings in the light most favorable to the decision and defers to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.,* 721 N.W.2d 340, 344 (Minn.App.2006).

■ An employee who is discharged for employment misconduct is ineligible to receive unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2008). Whether an employee committed misconduct is a mixed question of fact and law. *Schmidgall v. FilmTec Corp.,* 644 N.W.2d 801, 804 (Minn.2002). Whether the employee committed a particular act is a fact question, which we review in the light most favorable to the decision and will affirm if supported by substantial evidence. *Skarhus,* 721 N.W.2d at 344. Whether an employee's act constitutes employment misconduct is a question of law, which we review de novo. *Schmidgall,* 644 N.W.2d at 804.

(a) Employment misconduct means any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly:

(1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or

(2) a substantial lack of concern for the employment.

(b) Regardless of paragraph (a), the following is not employment misconduct:
. . .

(2) inefficiency or inadvertence[.]

Minn.Stat. § 268.095, subd. 6 (Supp.2009). "If the conduct for which the applicant was discharged involved only a single incident, that is an important fact that must be considered in deciding whether the conduct rises to the level of employment misconduct under paragraph (a)." *Id.,* subd. 6(d). The statutory definition of employment misconduct "is exclusive and no other definition applies." *Id.,* subd. 6(e).

█ Under Minn.Stat. § 268.095, subd. 6(a), employment misconduct includes negligent conduct. Negligence is the failure to use the care that a reasonable person would use in the same or similar circumstances. 4 *Minnesota Practice,* CIVJIG 25.10 (2006). A person is negligent when she fails to do something that a reasonable person would do. *Id.* But "[t]he standard of conduct required by law is not perfect conduct." *Klingbeil v. Truesdell,* 256 Minn. 360, 366, 98 N.W.2d 134, 139 (1959).

Even if a reasonable person would have carded the customer whom Dourney failed to card and Dourney's conduct could be considered negligent, Minn.Stat. § 268.095, subd. 6(b), expressly provides that inadvertence is not employment misconduct. Inadvertence is defined as follows: "1. The quality of being inadvertent. 2. An instance of being inadvertent; an oversight or a slip." *The American Heritage Dictionary of the English Language* 910 (3d ed.1992). Inadvertent is defined as "[n]ot duly attentive" or "[m]arked by unintentional lack of care." *Id.*

The ULJ explained the conclusion that Dourney did not commit employment misconduct as follows:

> During [Dourney's] employment she did receive training from the employer as to the manner of seeking identification to

purchase alcohol. No issues arose with her performance in that regard until January of 2010. . . .

> . . . In the case at hand we have no evidence of any continuing neglect, intentional wrongdoing, or inappropriate behavior. We have a single incident in which the applicant recognized an individual known to be old enough to drink, and forgot to card the companion until prompted. We have no evidence that the individual was actually too young, and no indication that Dourney actually put the employer's business at any risk.

The ULJ's finding that Dourney simply forgot to card the customer is supported by substantial evidence, including Dourney's testimony that she always cards people and did not know why she had not done so in this instance and her testimony that getting the customer's order correct required more concentration than normal due to a new menu. The finding is also supported by Dourney's testimony that she had never previously been written up or reprimanded for serving underage customers or failing to request identification.

Because Dourney's forgetting to card the customer was conduct marked by unintentional lack of care, the conduct was inadvertence. Consequently, even if Dourney's conduct otherwise met the definition of employment misconduct under Minn. Stat. § 268.095, subd. 6(a), it is still not employment misconduct because the plain statutory language in subdivision 6(b) provides that, regardless of subdivision 6(a), inadvertence is not employment misconduct. *See* Minn.Stat. § 645.16 (2008) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.").

## DECISION

Because Dourney's failure to card the customer was inadvertence, Dourney did not commit employment misconduct, and she is eligible to receive unemployment benefits.

**Affirmed.**